## 46985. JACKSON et al. v. CONSUMER CREDIT CORPORATION et al.

EBERHARDT, Presiding Judge. Johnny Jackson and his wife, Eva B. Jackson, purchased a home and executed their instalment note and security deed for the balance of the purchase price. In making the purchase it was necessary for them to borrow additional money on a home which they already owned and to execute to the lender an instalment note for the "add-on" loan and a second security deed on that house as well as on the house being purchased. A loan commitment was given them by the lender before these transactions were made, showing a proposed loan of $7,565.02, with a single premium credit life insurance of $666.68 and a single premium accident and health insurance premium of $813.13 and other charges, including a service charge, of $1,004.98. A disclosure statement of the loan was given the borrowers, with their written acknowledgment thereon, showing the amount of the loan, the rate of interest, the amount of the interest and the service charge, as well as the insurance premiums. In it there was an assertion that "Credit life and disability insurance is not required to obtain this loan. No charge is made for such credit insurance and no credit insurance is provided unless the borrower signs the appropriate statement below, in which case, charges will be made in the amounts shown above for the term of the credit."

Immediately following is a statement, "I desire credit and disability insurance," which was signed by Johnny Jackson and the insurance was written on him only.

The husband had been employed by Gulf Oil Corporation, but lost his job about the time the transaction was closed. His wife was employed by Internal Revenue in the offices at Chamblee, and still is. However, the combined payments on the original loan on the house already owned, the "add-on" loan, the assumption of an existing loan on the house being purchased and an in-

stalment contract for payment of the balance of the purchase price to the seller were more than the purchasers could meet. They had listed the house already owned with a realtor for sale and expected to relieve the situation by obtaining money from that source, but it did not readily sell. Consequently, their payments on both houses went into default, and there were foreclosures.

The Jacksons now sue Consumer Credit, which made the "add-on" loan and took security on both houses, contending that there has been a failure to comply with the Consumer Credit Protection Act (Pub. L. 90-321, 90th Cong.) in that Consumer Credit "did not include the prepayment penalty" in the financing charges, that no mention was made at the time that the credit and disability insurance were not required and were not a factor in obtaining the loan, and that the insurance was issued only to the husband. They seek to have the note and security instruments to Consumer Credit declared void, and that it be required to return all moneys paid to it thereunder, and that they be awarded attorney's fees.

After hearing evidence the trial court sustained a motion by Consumer Credit for summary judgment and the Jacksons appeal. *Held:*

1. There is no merit in the contention that the appellants were not given full statements of the "add-on" loan and the charges made in connection therewith. These are in the record, with written acknowledgments by the borrowers.

2. It appears that the loan was made pursuant to and within the terms of *Code Ann.* § 57-201 and of 15 USCA 1603 (a) and of Regulation Z of the Federal Reserve Bank.

3. Concerning prepayment, the note itself provides: "Prepayment privilege. At any time before maturity, and provided all payments due hereunder are paid, maker shall be entitled to pay the unpaid principal balance due under the terms of this instrument, *without penalty.*" Consequently, there was no prepayment penalty to in-

clude in the financing charges or to be shown on the statement thereof.

4. The written statement of the loan specifically provides that credit and disability insurance are not required in making the loan, are not a factor, and that unless the borrowers indicate in writing a desire for these coverages none will be provided and no premium charge will be made therefor. The husband signed a statement asking for the insurance on himself, but the wife did not. The insurance was provided as to him but not as to the wife. Each of them signed an acknowledgment of receipt of this loan statement. The credit and disability insurance was written and charged for in accordance with the contract.

The evidence discloses that the "add-on" loan was made within the provisions of law and of the contract, that the makers defaulted in the payments and that foreclosures were made under the powers of sale. No basis for recovery appears as against Consumer Credit and the grant of a summary judgment to it was proper.

*Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED MARCH 9, 1972—DECIDED APRIL 19, 1972.

*Jack B. McNeil, Levine, D'Alessio & Cohn, Morton P. Levine, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Sam F. Lowe, Jr.,* for appellants.

*Howard & Storey, James R. Howard,* for appellees.

